## INDUST COMM v GRAY, GADD & JACOBS (3 cases)

Ohio Appeals, 1st Dist, Butler Co
Nos. 496, 501, 502. Decided May 4, 1931

Gilbert Bettman, Columbus, R. R. Zurmehly, Columbus, and Z. A. Morganthaler, Hamilton, for Indust. Comm.

H. G. Wonnell, Hamilton, for Gray, Gadd, and Jacobs.

**ROSS, PJ.**

The difficulty presented is caused by the unfortunate use in the petition of the word "while." Had this been omitted, the language would have been the same as that used in the Constitution. **Article II, §35** and **§1465-68, GC.** And while the requirements of proof announced in Fassig v State, supra, would have applied, we should have no difficulty in holding the language used sufficiently broad to include an allegation that the injuries arose out of and were the result of the employment.

We, however, do not approve such pleading, holding that even under the liberal construction of pleadings applicable, good practice requires a definite statement conforming to the requirements laid down in the case of Fassig v State, supra. A broad allegation such as that suggested would be subject to a motion to make definite and certain.

The word "while," adopting a strict construction of the petition means simply that the employes met injury or death during the time they were employed as alleged. They may or may not under such a loose statement have been injured by reason of or as a result of this employment. Strictly speaking, they may have been far removed from their employment "while" so employed. However, the expression has some vogue among those who speak carelessly as connotating a meaning which would identify the injury as a result of the employment. It requires great liberality of construction to give the language used the desired construction. We are of the opinion that no error, prejudicial to the Industrial Commission, intervenes in giving such construction in considering a demurrer, in view of the fact that under the construction placed upon the act, the person seeking the benefits of the act must **prove** that the injury was the result of and arose out of the employment. If the Industrial Commission was content to let such language pass by without motion, we feel that the provisions of the statute hereinafter noted require us to sustain the petitions against demurrers, especially as no bill of exceptions is presented which might indicate that substantial justice had not been done in the cases.

Sec 11,345, GC, provides:

"The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

Sec 11,364 GC, provides in part as follows:

"In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse parties. No judgment shall be reversed, or affected, by reason of such error or defect."

Sec 1465-91, GC, while applying only to proceedings before the commission, indicates the attitude of the legislature as desiring no technical consideration to affect the rendering of substantial justice under the act, and we hold that in view of the statutes, above quoted, this intent should not be thwarted by a rigorous construction of pleadings presented during the further prosecution of the claim by an employe or his beneficiary or representative.

We, therefore, hold that the demurrers were properly overruled, although we disapprove the loose language employed in the petitions.

The judgments in all three cases are affirmed.

HAMILTON and CUSHING, JJ, concur.